**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CHARLES LEE STUART,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:21-CV-00241-JCB** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Lee Stuart, an inmate confined in the Texas prison system, proceeding *pro se*, brings this habeas action pursuant to 28 U.S.C. § 2254 challenging the procedure and proceedings resulting in his parole denial. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Upon review, for the reasons stated herein, the court recommends that the petition be denied, and the case be dismissed with prejudice. The court further recommends that Stuart be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

Stuart was indicted on one count of aggravated robbery in cause number B-16, 116, in the 173rd District Court of Henderson County, Texas. (Doc. No. 8-1, at 32.) On December 30, 2008, he pleaded guilty to the charge, and the court sentenced him to twenty-four years imprisonment. *Id.* at 33. Stuart waived his right to any appeal (*id.* at 36), and he did not seek discretionary review (*id.* at 8).

1

On October 1, 2013, Stuart signed his first state habeas application arguing that the court never made a finding that the robbery involved a deadly weapon to support his 2008 conviction and sentence. *Id.* at 6–16. On November 6, 2013, the Henderson County District Court found that it lacked authority to consider Stuart's application. *Id.* at 37. On December 11, 2013, the Texas Court of Criminal Appeals ("CCA") denied his application without written order. *Id.* at 2.

On July 4, 2019, Stuart signed his second state habeas application challenging an erroneous detainer affecting his parole eligibility. (Doc. No. 8-7, at 5–20.) The Henderson County District Court received his application on July 15, 2020. *Id.* at 5. Stuart filed a writ of mandamus in the CCA on August 10, 2020, contending that his July 2019 habeas application was never forwarded to the CCA. (Doc. Nos. 8-4; 8-5.) On November 4, 2020, the CCA denied his second state habeas application without written order. (Doc. No. 8-6.) On March 17, 2021, the CCA denied Stuart's writ of mandamus without written order. (Doc. No. 8-2.) Stuart signed his federal habeas petition on June 14, 2021, and the court received his petition on June 17, 2021. (Doc. No. 1, at 1, 10.)

## II. Stuart's Petition

Stuart raises seven grounds for relief in his federal petition:

(1) Deficient parole procedures violate his plea bargain contract and his understanding of the plea bargain, denying him due process and equal protection of law,

(2) Deficient parole proceedings lack due process and violate double jeopardy protections,

(3) Denial of parole violates the double jeopardy clause,

(4) The executive arm of the State (Texas Board of Pardons and Paroles) violated the separation of powers doctrine when it breached his plea bargain contract with the judicial arm of the State (trial court),

(5) When he was readmitted to TDCJ after resolving his California detainer, he was identified by an incorrect birthdate and social security number, and there is no corrective process to remedy this,

(6) Inadequate funding for healthcare has resulted in multiple serious mental and physical impairments, inflicting cruel and unusual punishment, and

(7) Trial counsel was ineffective when she abandoned him by failing to enforce his plea bargain contract and resolve the erroneous detainer affecting his parole eligibility.

(Doc. No. 1, at 6–11.)[1] Stuart seeks to be released on parole after receiving pre-release drug rehabilitation. *Id.* at 7.

## III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing Stuart's petition. (Doc. Nos. 4, 7.) Respondent maintains that if Stuart is challenging his underlying 2008 conviction, his claims are time barred. (Doc. No. 7, at 5–7.) Respondent asserts that Stuart is not entitled to equitable tolling on his claim challenging his 2008 conviction. *Id.* at 9. Respondent further argues that if Stuart is challenging his 2019 parole denial, and the procedures leading to his denial, his claims are timed barred. *Id.* at 9–11. In the alternative, Respondent contends that all but one of Stuart's claims are unexhausted. *Id.* at 11–14. Finally, Respondent asserts that Stuart's exhausted claim is not meritorious because he has no liberty interest in parole and the state court's denial of relief was reasonable. *Id.* at 17–19.

## IV. Stuart's Reply

Stuart timely filed a reply to Respondent's answer. (Doc. No. 10.) In his reply, Stuart argues that he has a liberty interest in parole under *Gross v. Quarterman*, 211 F. App'x 251 (5th Cir.

---

[1] Any challenges to the conditions of confinement or medical care received were severed into a new and separate action under 42 U.S.C. § 1983. (Doc. No. 3.) Thus, the court will not discuss Ground Six in the present decision.

2006). *Id.* at 2–4. Stuart contends that his application is timely because the Fifth Circuit rejected a similar argument in *Quarterman*. *Id.* at 4–5. He maintains that the statute of limitations started tolling when the CCA issued its order denying his writ of mandamus in March 2021. *Id.* at 6. He reiterates that the erroneous detainer continues to affect his parole eligibility and the Henderson County District Court never made a finding that his robbery involved a deadly weapon, so he has been denied liberty since 2012. *Id.* at 6–7.

## V. Legal Standards

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'"). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review errors under state law. *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Pub. L. 104-132, 110 Stat. 1214. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

      2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA imposes a "highly deferential standard for evaluating state-court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal habeas review under AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result.  Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim.").  Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

## VI. Discussion and Analysis

### 1.  <u>Timeliness under the AEDPA</u>

Congress enacted the AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Stuart filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). An inmate must file a Section 2244 petition within one year of the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)–(D). The court applies the statute of limitations to each individual claim. *In re Young*, 789 F.3d 518, 528 n.3 (5th Cir. 2015).

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). However, the time period for filing a timely petition is statutorily tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

An otherwise untimely petition may be entitled to equitable tolling only if the petitioner demonstrates (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). The doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the

petitioner is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016).

In his federal petition, Stuart appears to challenge the parole procedures, his parole proceedings and denial, incorrect identifying information in his TDCJ record, and the ineffective assistance of trial counsel. (Doc. No. 1, at 6–11.) In his reply to Respondent's answer, however, Stuart reiterates that his confinement is unlawful because the Henderson County District Court did not find that he used a deadly weapon during the robbery—the same claim raised in his first state habeas application filed in 2013. (Doc. No. 10, at 6–7.) Respondent argues that Stuart's petition should be dismissed with prejudice because his claims are time barred under Section 2244(d)(1)(A), and (D). (Doc. No. 7, at 5–11.) Respondent contends that the events giving rise to these claims took place more than a year before he filed his federal habeas petition. *Id.*

    a.  <u>2008 Conviction and Sentence</u>

As Respondent indicates, to the extent that Stuart is advancing the claim raised in his 2013 state habeas application challenging his 2008 conviction, that claim is time barred by virtue of the statute of limitations under the AEDPA. Stuart pleaded guilty to aggravated robbery and was sentenced to twenty-four years imprisonment on December 30, 2008. (Doc. No. 8-1, at 33.) He waived the right to appeal as part of his plea deal. *Id.* at 36. Stuart did not file a petition for discretionary review. *Id.* at 8. Therefore, his conviction became final thirty days later on January

29, 2009. Thus, the federal limitations period expired one year later, on January 29, 2010, absent statutory tolling.

Stuart did not sign his state habeas application challenging his 2008 conviction until October 1, 2013. Stuart's first state habeas application therefore did not toll the federal limitations period because it was filed after the expiration of the one-year statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner]'s state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.").

Although the AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Stuart had until January 29, 2010, to file his federal habeas petition; however, he signed his Section 2254 petition on June 14, 2021, and the court received his petition on June 17, 2021—more than 11 years after the expiration of the limitation period. (Doc. No. 1, at 1, 10.) Any challenge to his 2008 conviction is therefore untimely and barred by the statute of limitations—absent any equitable tolling.

Stuart does not present any evidence or arguments why he is entitled to equitable tolling on his claim challenging his 2008 conviction. *See Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) ("Where a habeas petitioner fails to brief an argument adequately, we consider it waived."). Accordingly, Stuart is not entitled to equitable tolling and his claim challenging his 2008 conviction should be dismissed as time barred.

b.  Parole Procedures

In Ground One of his federal petition, Stuart challenges an erroneous detainer on his record that could affect his parole eligibility. (Doc. No. 1, at 6.) In an exhibit attached to his second state

habeas application, Stuart included a letter dated June 12, 2018, in which his attorney writes to the executive director of TDCJ informing her of his ongoing communications with Stuart regarding the erroneous detainer on Stuart's record and its potential effect on his parole eligibility in fourteen months. (Doc. No. 8-7, at 29–30.) This evidence shows that Stuart was aware of the erroneous detainer more than a year prior to when he filed his second state habeas application on July 4, 2019.

Under Section 2244(d)(1)(D), an inmate must file a petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Stuart's second state habeas application therefore did not toll the federal limitations period because it was filed after the expiration of the one-year statute of limitations. *See Scott*, 227 F.3d at 263. Stuart's claim concerning the deficient parole procedures is therefore time barred—absent equitable tolling.

In his second state habeas application, Stuart also includes: (1) his TDCJ record as of November 27, 2018, identifying that the erroneous detainer was still on his record (Doc. No. 8-7, at 31); (2) a letter from TDCJ dated December 7, 2018, informing Stuart how to remove the retainer from his record (*id.* at 32); (3) a letter from Stuart to the Sacramento Sherriff's Office dated December 6, 2018, asking them to inform TDCJ that the retainer was resolved (*id.* at 33); (4) a letter from the Sacramento District Attorney's Office dated January 8, 2019, informing Stuart that there were no outstanding warrants in Sacramento County (*id.* at 34); and (5) a letter from Stuart to TDCJ dated January 31, 2019, showing that he did not have a detainer in California (*id.* at 35). Although this evidence tends to show that Stuart was diligently pursuing his rights to get the detainer removed from his record, he presents no evidence or arguments to support that some extraordinary circumstance prevented him from timely filing. *Palacios*, 723 F.3d at 604. Indeed,

Stuart's January 31, 2019, letter to TDCJ said that he would file a habeas application if he had not heard back within 21 days. (Doc. No. 8-7, at 35.) Stuart did not include any other communications with TDCJ regarding his erroneous detainer in his second state habeas application, yet he did not file his second state habeas application until July 4, 2019. Stuart has therefore failed to show that he is entitled to equitable tolling, and his claim challenging the parole procedures should be dismissed as time barred.

      c.   Parole Proceedings and Denial

In Grounds Two, Three, and Four of Stuart's federal habeas petition, he challenges his October 2019 parole proceedings and denial. (Doc. No. 1, at 6–7.) For claims involving parole denial, the factual predicate of the claim under Section 2244(d)(1)(D) is the date on which parole is denied. *See Cosey v. Dir., TDCJ-CID*, No. 6:18CV241, 2020 WL 6163617, at *3 (E.D. Tex. Sept. 11, 2020). Stuart was first eligible for parole in October 2019, and was denied parole on October 2, 2019. (Doc. No. 1-1, at 1, 18.) The federal limitations period on claims challenging his parole denial therefore expired one year later, on October 2, 2020—absent statutory tolling.

Stuart did not file a state habeas application challenging his parole denial or amend his July 2019 state habeas application to include claims concerning his parole denial. Stuart signed his Section 2254 petition on June 14, 2021, and the court received his petition on June 17, 2021— more than 8 months after the expiration of the limitation period. (Doc. No. 1, at 1, 10.)  Stuart is therefore not entitled to statutory tolling on his claims concerning his parole denial. Stuart also does not set forth any arguments or evidence indicating that he is entitled to equitable tolling. *See Lookingbill*, 293 F.3d at 263. Thus, Stuart's claims challenging his parole proceedings and denial should be dismissed as time barred.

d.   Incorrect Identifying Information

Ground Five of Stuart's federal habeas petition contends that TDCJ used the wrong birthdate and social security number to identify him. (Doc. No. 1, at 11.) Stuart contends that after resolving his detainer in California, he was readmitted to TDCJ in 2010 with the wrong identifying information. (Doc. Nos. 1-1, at 13–14; 1-2, at 14.) He also maintains that his TDCJ record does not reflect his GED earned in 2013. (Doc. No. 1-2, at 14.) He asserts that he learned of the erroneous information from his attorney, and TDCJ never responded to his attorney's June 12, 2018 letter informing them of the errors. (Doc. Nos. 1-1, at 14; 1-2, at 33–34.) At latest, the federal limitations period on claims challenging his incorrect identifying information expired one year after his counsel informed TDCJ, on June 12, 2019—absent statutory tolling.

Stuart's July 2019 state habeas application did not include a claim concerning the incorrect identifying information contained in his TDCJ record. Stuart signed his Section 2254 petition on June 14, 2021, and the court received his petition on June 17, 2021—two years after the expiration of the limitation period. (Doc. No. 1, at 1, 10.)  Stuart is therefore not entitled to statutory tolling on his claim concerning incorrect identifying information in his TDCJ record. Stuart also does not set forth any arguments or evidence indicating that he is entitled to equitable tolling. *See Lookingbill*, 293 F.3d at 263. Thus, Stuart's claim concerning the incorrect identifying information in his TDCJ record should be dismissed as time barred.

e.   Ineffective Assistance of Trial Counsel

Ground Seven of Stuart's federal habeas petition asserts that he was denied effective assistance of counsel at all critical stages of his proceedings. (Doc. No. 1, at 11.) He contends that his trial counsel was ineffective for various reasons ranging from his plea negotiations where she promised he would receive drug-related treatment and adequate medical care during his

incarceration to her failure to cure the erroneous detainer and incorrect identifying information in his TDCJ record. (Doc. No. 1-2, at 47–49.)

For the reasons discussed above, any ineffective assistance of counsel claims arising out of his 2008 conviction and sentence are time barred and should be dismissed. Any ineffective assistance claims arising out of the parole procedures, proceedings, and denial and incorrect identifying information are also timed barred and should be dismissed for the reasons discussed above.

2.   Exhaustion

In addition to being time barred, Stuart has failed to exhaust all but one of his claims. State prisoners bringing petitions for a writ of habeas corpus are required to exhaust state remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1). To exhaust properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). This means that a petitioner must have informed the state court system of all the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276–77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217–18 (5th Cir. 1988). In Texas, all claims must be presented to and ruled on by the CCA. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993). When a petition includes claims that have been exhausted along with claims that have not been exhausted, it is called a "mixed petition," and the court must dismiss the entire petition for failure to exhaust. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).

In his July 2019 state habeas application, Stuart raised one ground for relief—an erroneous detainer affecting his parole eligibility. (Doc. No. 8-7, at 8.) Ground One of Stuart's federal petition

relates to parole procedures. (Doc. No. 1, at 6.) Stuart's remaining claims challenging his parole proceedings and denial (Grounds Two, Three, and Four), incorrect identifying information in his TDCJ record (Ground Five), and ineffective assistance in parole proceedings (Ground Seven) are therefore unexhausted. The present petition is thus a "mixed petition" and should be dismissed in its entirety.

### 3.  Constitutional Right to Parole

Even if Stuart's claims were timely and exhausted, his claims concerning parole procedures, proceedings, and denial would not entitle him to federal habeas relief because there is no constitutional right to parole in Texas. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979) (holding that the existence of a parole system, alone, does not give rise to a protected liberty interest); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause."). Stuart's federal habeas petition should therefore be denied.

## VII. Conclusion

All of the grounds set forth in Stuart's federal petition are untimely because they were raised outside of the one-year statute of limitations and are not entitled to statutory or equitable tolling. Additionally, because Stuart's second state habeas application only raised one ground for relief, his remaining grounds are unexhausted, his petition is therefore mixed and should be dismissed in its entirety. Finally, Stuart has also failed to demonstrate a constitutional violation, as there is no constitutional right to parole.

## VIII. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017).

Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (finding that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court emphasized that the COA inquiry "is not coextensive with a merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 580 U.S. at 115 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Stuart failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He has also failed to

demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a COA.

## RECOMMENDATION

A dismissal for failure to exhaust is generally without prejudice; however, because more than one year has passed since his 2008 conviction became final and since the date on which factual predicate of his claims could have been discovered through the exercise of reasonable diligence, any subsequent federal habeas petition raising these claims would be time barred by the AEDPA. The court therefore recommends that Stuart's petition be denied and dismissed with prejudice. Although a federal petition asserting these claims is barred by the one-year statute of limitations, Stuart may still be permitted to pursue relief in state court under art. 11.07. For that reason, the court's recommendation does not affect Stuart's right to pursue state habeas relief for these claims. Finally, it is recommended that Stuart be denied a certificate of appealability *sua sponte*.

Within fourteen days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

16